IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| PETER HAUGE,<br><br>**Plaintiff,**<br><br>-v-<br><br>TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and AMERIHOME MORTGAGE COMPANY, LLC,<br><br>**Defendants.** | Civil Case Number:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Peter Hauge, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging AmeriHome Mortgage Company, LLC has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that the three major consumer reporting agencies, Experian Information Solutions, Inc. (Experian), TransUnion, LLC (TransUnion) and Equifax Information Services, LLC (Equifax) has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges TransUnion, Equifax and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

-1-

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Massachusetts, and violated Plaintiffs rights under the FCRA in the state of Massachusetts as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Peter Hauge ("Plaintiff"), is a resident of Charlton, Massachusetts in Worcester County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and

disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

14. Defendant AmeriHome Mortgage Corporation, LLC, (hereinafter referred to as "AmeriHome"), is a limited liability company, with its principal place of business in Thousand Oaks, California.

## FACTUAL ALLEGATIONS

15. Plaintiff has a home loan on his personal residence with AmeriHome, which he has never been late on.

16. In fact, Plaintiff's payments to AmeriHome have been documented as paid from the Plaintiff's bank account every month.

17. Plaintiff's payment records reflect that AmeriHome timely withdrew the monthly payments from his bank account in January and February of 2018, and that there were sufficient funds in his account on both instances.

18. Nonetheless, AmeriHome has been falsely reporting to the consumer reporting agencies that the Plaintiff was late on his monthly payments in January and February of 2018.

19. Plaintiff disputed this erroneous reporting with Experian, TransUnion and Equifax on both April 4, 2018 and June 29, 2018, to no avail.

20. Instead, Experian, TransUnion and Equifax all responded to Plaintiff, claiming that they had 'verified' that Mr. Hauge was indeed being properly reported as late on his January and February 2018 AmeriHome payments.

21. At all times pertinent hereto, Experian, TransUnion and Equifax' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

22. At all times pertinent hereto, AmeriHome's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

23. As a direct and proximate result the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, Plaintiff's credit score dropped nearly fifty points. Plaintiff was further denied the home equity line of credit he needed to remodel his retirement home, all as a result of the Defendants' failure to correct very basic inaccurate reporting.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

24. All preceding paragraphs are realleged.

25. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

26. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

27. On multiple occasions in 2018, Plaintiff initiated disputes with Experian requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him.

28. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic investigation would have prevented.

29. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

30. All preceding paragraphs are realleged.

31. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates."

32. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate AmeriHome information being reported on the Plaintiff's credit report, especially where a basic review of AmeriHome's account or payment records would have reflected the Plaintiff's timely payments.

33. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 16 U.S.C. § 1681i
## AGAINST EQUIFAX

34. All preceding paragraphs are realleged.

35. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

36. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

37. On multiple occasions in 2018, Plaintiff initiated disputes with Equifax requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him.

38. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic

investigation would have prevented.

39. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

40. All preceding paragraphs are realleged.

41. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

42. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate AmeriHome information being listed on the Plaintiff's credit report, especially where a basic review of AmeriHome's account or payment records would have reflected the Plaintiff's timely payments.

43. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

44. All preceding paragraphs are realleged.

45. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as

that term is defined by 15 U.S.C. § 1681a(c).

46. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

47. On multiple occasions in 2018, Plaintiff initiated disputes with TransUnion requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him.

48. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic investigation would have prevented.

49. As a direct and proximate result of TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT VI
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

50. All preceding paragraphs are realleged.

51. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

52. Were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate AmeriHome information being listed on the Plaintiff's credit report, especially where a basic review of AmeriHome's account or payment records would have reflected the Plaintiff's timely

payments.

53. As a direct and proximate result of TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

### COUNT VII
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST AMERIHOME MORTGAGE COMPANY**

54. All preceding paragraphs are re-alleged.

55. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

56. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by AmeriHome.

57. As evidenced by their responses to the Plaintiff, AmeriHome received these disputes.

58. AmeriHome was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

59. AmeriHome failed to reasonably investigate Plaintiff's dispute. Indeed, AmeriHome <u>knew</u> that Plaintiff had timely made these payments, given that it had withdrawn January 2018's payment on January 5, 2018 and February 2018's payment on February 7, 2018.

60. Even after the Plaintiff properly disputed this account with the credit reporting agencies, AmeriHome refused to conduct a reasonable investigation and continued inaccurately reporting Mr. Hauge as late on this account.

61. Indeed, AmeriHome's on-going failures to correct Plaintiff's account information – when a basic review of its own records would have reflected that information - is evidence that its investigation into Plaintiff's dispute was deficient.

62. AmeriHome's conduct violated section 1681s-2(b) of the FCRA.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 13, 2019

>By: /s/ Kevin Crick
>Kevin Crick, Esq.
>BBO: 680950
>Rights Protection Law Group, PLLC
>8 Faneuil Hall Marketplace, Third Floor
>Boston, Massachusetts 02109
>Phone: (617) 340-9225
>Fax: (888) 622-3715
>k.crick@rightsprotect.com
>*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice Motion To Be Filed**