**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **PETER HAUGE,**<br><br>  Plaintiff,<br><br>-against-<br><br>**TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.** and **AMERIHOME MORTGAGE COMPANY, LLC,**<br><br>  Defendants. | Civil Case Number:<br>**4:19-cv-40032-TSH**<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT AMERIHOME**

**MARCUS & ZELMAN, LLC**

Yitzchak Zelman, Esq
**ATTORNEYS FOR PLAINTIFF**
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:      (732) 695-3282
Fax:           (732) 298-6256
Email: yzelman@MarcusZelman.com


**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT**....................................................................................................1
**II. DISCOVERY DEMANDS AT ISSUE**………………………………………………………1
**III. LOCAL RULE 37.1 STATEMENT REGARDING MEET-AND-CONFER**…………….6
**VI. CONCLUSION**.......................................................................................................................7

## I.   PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the Plaintiff's Motion to Compel discovery from Defendant Amerihome Mortgage Company ("Amerihome"), pursuant to FRCP 37. This is as straightforward a Motion to Compel as these Motions get. Essentially, Plaintiff seeks Defendant's financial records regarding its net worth, so that this information can be considered at trial by the jury, who will be weighing Plaintiff's request for punitive damages. *See,* 15 U.S. Code § 1681n(a)(2)(providing punitive damages as an available remedy in FCRA cases). As the First Circuit has expressly held, information about a defendant's net worth is highly relevant when weighing the amount of punitive damages to be awarded. *See, CEH, Inc. v. F/V Seafarer,* 70 F.3d 694, 706 (1st Cir. 1995). However, Defendant has flatly refused to produce this information. The parties have met and conferred, but Defendant still refuses to budge.

The financial information sought by the Plaintiff is highly relevant to the question of punitive damages and is therefore clearly discoverable. Defendant has offered no valid reason for refusing to disclose this information, other than repeating the same boilerplate objections over and over again. For the reasons set forth below, it is respectfully submitted that the Plaintiff's Motion to Compel should be granted in its entirety.

## II.   DISCOVERY DEMANDS AT ISSUE

The Plaintiff asks that Amerihome be compelled to provide responses to the following three discovery demands, which are all directly and narrowly designed to obtain information regarding Amerihome's finances relevant to the punitive damages inquiry:

### A. Interrogatory 7.

Interrogatory 7 asks the Defendant, in very plain English, to "State your net worth." In response to this straightforward Interrogatory, Defendant offers this boilerplate response:

> Amerihome objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Amerihome further objects to this request on the grounds that this request seeks confidential, proprietary and/or trade secret information, seeks information that is neither relevant to either party's claim or defense, and is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26.

*See,* Exhibit A, Defendant's Response to Interrogatory 7.

Asking a corporate defendant to state its net worth is not 'vague'. Net worth is commonly understood to be the number reached when calculating the amount of assets minus the amount of liabilities. *See e.g, Manzoli v. Comm'r,* 904 F.2d 101, 104 (1st Cir. 1990); *Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000)[1]. And if Amerihome truly believed this straightforward request was vague, it had a duty to seek clarification of the request. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. A party objecting on these grounds must explain the specific and particular way in which a request is vague." *Heller v. City of Dallas*, 303 F.R.D. 466, 491 (N.D. Tex. 2014). "If a party believes that the request is vague, that party should attempt to obtain clarification prior to objecting on this ground." *Id.,* at 492.

Nor is asking for a company's net worth something that is 'unduly burdensome'. As a sophisticated mortgage lender, Defendant clearly has this sort of information readily available. Moreover, Defendant has done nothing to demonstrate why providing such basic information would be burdensome, which is required to substantiate such an objection. "Boilerplate language

---

[1] *See also, https://www.investopedia.com/terms/n/networth.asp,* last visited on July 17, 2020.

that discovery is 'overbroad and unduly burdensome' is insufficient to meet the 'burden of showing by affidavit or otherwise that discovery would be unduly burdensome.' " *Katz v. Liberty Power Corp., LLC*, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020), citing *Cooper v. Charter Commc'ns, Inc.*, 2016 WL 128099, at *2 (D. Mass. Jan. 12, 2016). "The mere statement by a party that a request for production was overly broad, burdensome, oppressive, and irrelevant is not adequate to voice a successful objection. On the contrary, the party resisting discovery must show specifically **how** each request for production is not relevant or how each question is overly broad, burdensome or oppressive." *Id.  See also, Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *15 (D. Colo. Feb. 8, 2010) ("The discovery process necessarily imposes burdens on a responding party.... The question, however, is whether the discovery unduly burdens ....").

Amerihome's next boilerplate objection – that the discovery is not reasonably calculated to lead to admissible evidence - similarly falls flat.  The Defendant's net worth information is clearly admissible at the trial in this case, which will ask the jury to determine what amount of punitive damages should be awarded against the Defendant.  *See e.g., CEH, Inc. v. F/V Seafarer*, 70 F.3d 694, 706 (1st Cir. 1995)("the consideration of Doyle's net worth is integral to the objectives of punitive damages: it ensures that the award is neither too severe nor too trivial"); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 718 (3d Cir. 2010)(holding in an FCRA case that "A jury can consider the relative wealth of a defendant in deciding what amount is sufficient to inflict the intended punishment"). *See also*, Restatement (Second) of Torts § 908(2) (1979) (listing wealth as a factor which "can" be considered in determining punitive damages).  For this reason, the Honorable Judge Burroughs compelled production of a defendant's net worth just three weeks ago in a TCPA case, finding that such information would be relevant in determining whether to award punitive

damages. *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020).

Defendant's next objection is that the request for Defendant's net worth "seeks confidential, proprietary and/or trade secret information." Even if that were the case, the production of such confidential information is the exact reason why a Confidentiality Order was entered in this action nearly a year ago. *See,* Docket 48.

Defendant next objects to this Request as information that is "neither relevant to either party's claim or defense, and is not proportional to the needs of the case". On the first point, Defendant is clearly in the wrong, as the caselaw cited above has plainly held that a defendant's net worth is very relevant to the issue of punitive damages. And Defendant offers nothing to support its assertion, that providing this readily available financial number is so difficult that the burden of producing it so heavily outweighs the needs of the Plaintiff, who needs this number to support his ask of punitive damages.

As set forth above, each of the Defendant's boilerplate objections are meritless, and are merely designed to frustrate the Plaintiff's efforts to obtain the information he needs to support his claims. For the reasons set forth above, it is respectfully submitted that the Defendant should be required to provide a responsive answer to Interrogatory 7.

**B. Document Demands 8 and 9.**

Document Demands 8 and 9 both seek documents which would reflect the Defendant's net worth, and which can be used to ensure that the response given to Interrogatory 7 is accurately calculated. Document Demand 8 requests "Please produce copies of all of your quarterly profit and loss statements for the past three (3) years." And Document Demand 9 requests "Please produce copies of all of your balance sheets and financial statements for the past three (3) years."

In response to both of these Document Demands, Defendant rehashed the exact same boilerplate objections:

> Amerihome objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Amerihome objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Amerihome further objects on the grounds that Plaintiff's request is not limited in either time or scope, and seeks information that is neither relevant to any party's claim or defense nor proportionate to the needs of the case as set forth in Fed. R. Civ. P. 26. Amerihome objects to this request on the grounds that it seeks confidential and/or proprietary and/or trade secret information.

*See,* Exhibit B, Defendant's Responses to Document Demands 8 and 9.

It is difficult to see how requests for Profit and Loss Statements and Balance Sheets could possibly encompass documents encompassed by the attorney-client privilege or the work product doctrine. And Defendant did not produce a privilege log or otherwise describe any such documents, in a way that would allow the Plaintiff and the Court to evaluate this claim of privilege. *See,* FRCP 26(b)(5)("when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). As such, this objection cannot be sustained.

Amerihome next again intones its boilerplate mantra that these discovery requests are "vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence". But asking for P&L Statements and Balance Sheets is not 'vague': Amerihome plainly knows what it is being asked to produce. Nor is asking for the Defendant's financial documents 'unduly burdensome' – a claim that would be impossible to evaluate in any

5

event, because the Defendant – a sophisticated mortgage lender - has failed to demonstrate what kind of 'burden' would be involved in producing these basic financial records.  This information is further both relevant and not 'overbroad', where it seeks the exact sort of financial documents that will enable the Plaintiff to make his case for punitive damages to the jury.

Defendant's claim that these Document Demands are not limited 'in time and scope' is plainly inaccurate, when the Document Demands temporally limit the request for the Defendant's financial records to the past 3 years.  This 3-year timeframe was chosen, in the event that the financial records for the most recent completed year (2019) is not yet available - as is often the case - and to provide some sort of comparative year-by-year analysis.  And finally, as set forth above, the Confidentiality Order entered in this case does away with the Defendant's concerns for the confidentiality of its financial records.

### III.   LOCAL RULE 37.1 STATEMENT REGARDING MEET-AND-CONFER.

On July 13, 2020, Plaintiff's counsel called Defendant's counsel to meet and confer regarding the issues raised in this Motion, leaving a voicemail.  Plaintiff's counsel then followed up with an email on that same date, asking for Defendant's counsel's availability to meet-and-confer.  Defendant's counsel responded on that same date, stating that Defendant intended to stand on its objections to the discovery demands.  Plaintiff's counsel then offered a compromise, asking if Amerihome would simply stipulate as to the amount of their net worth, in order to avoid motion practice.  On July 14, 2020, Amerihome's counsel advised that Amerihome would not agree to such a stipulation, thereby necessitating the instant motion.  The issue was further discussed during the parties' Rule 37 meet and confer phone call on July 14, 2020.

## IV. CONCLUSION

The jury in this case will have to decide whether to award punitive damages to the Plaintiff, and the amount of punitive damages to be awarded. In making that decision, one of the relevant factors will be the Defendant's net worth. Plaintiff sought that information from the Defendant in discovery, but the Defendant has refused to provide that highly relevant information, instead simply voicing the same boilerplate objections over and over again.

As set forth above, the Plaintiff has made every effort to obtain this information from Defendant to no avail, even offering to simply stipulate to the amount of Defendant's net worth to avoid the need for formal discovery production. For these reasons, it is respectfully requested that the Plaintiff's Motion to Compel be granted, and that the Defendant be compelled to provide responsive answers and documents to Plaintiff's Interrogatory 7 and to Document Demands 8 and 9.

Dated: July 18, 2020                              **MARCUS & ZELMAN, LLC**

                                                  By: /s/ Yitzchak Zelman_____
                                                  Yitzchak Zelman, Esq.
                                                  Attorneys For Plaintiff
                                                  701 Cookman Avenue, Suite 300
                                                  Asbury Park, New Jersey 07712
                                                  Phone: (732) 695-3282
                                                  Email: yzelman@MarcusZelman.com

**CERTIFICATE OF SERVICE**

I certify that on July 18, 2020, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Yitzchak Zelman*
*Attorney for Peter Hauge*