UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HAUGE,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND AMERIHOME MORTGAGE COMPANY, LLC,<br><br>        Defendants. | CIVIL ACTION NO. 4:19-cv-40032-TSH |

**AMERIHOME MORTGAGE COMPANY, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, Amerihome Mortgage Company, LLC ("Amerihome") hereby opposes Plaintiff's Motion to Compel and states as follows:

**I.    Introduction**

Plaintiff seeks to compel Amerihome's net worth discovery based upon his assertion of a punitive damages in connection with his sole claim under the Fair Credit Reporting Act ("FCRA"). Having not made a threshold showing of willful conduct, Amerihome objected to Plaintiff's net worth discovery requests on the grounds that they were overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. Approximately <u>one year later</u>, on the final day of discovery, Plaintiff filed a motion to compel Amerihome's complete net worth information because it is allegedly relevant to his claim for punitive damages. However, Plaintiff's requests and subsequent motion are without merit. Plaintiff has simply proffered an unsupported claim for punitive damages, and has provided no valid grounds demonstrating the relevancy of his overbroad net worth discovery requests. To wit, Plaintiff has presented no allegations or evidence that Amerihome's conduct with respect to the

Plaintiff involved a willful misrepresentation or concealment. And, significant evidence of a corporation's net worth cannot be obtained through discovery absent even a minimal factual showing of willful conduct on Amerihome's behalf. Therefore, Plaintiff's request for Amerihome's net worth information should be denied.

**II.      Discovery Requests**

1. Plaintiff asserts a single claim against Amerihome under the FCRA. In connection with his claim under the FCRA, Plaintiff seeks punitive damages. (DE #1).

2. Punitive damages are available under § 1681n of the FCRA which provides liability for willful noncompliance. However, "a willful noncompliance claim may proceed **only** where a defendant's conduct involves willful misrepresentations or concealments. In those cases, a consumer reporting agency has typically misrepresented or concealed some or all of a credit report from a consumer." *Barrepski v. Capital One Bank (U.S.A.) N.A.*, 2014 U.S. Dist. LEXIS 29665 at *35 (D. Mass. Jan. 24, 2014) (emphasis added).

3. On August 26, 2019, Amerihome responded to Plaintiff's net worth discovery requests as follows:

> **Interrogatory No. 7.**  State your net worth
>
> **Answer:**
>
> Amerihome objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Amerihome further objects to this request on the grounds that this request seeks confidential, proprietary and/or trade secret information, seeking information that is neither relevant to either party's claim or defense, and is not proportional to the needs of the case as set forth in Fed. R. Civ. P. 26.
>
> **Document Request No. 8:**   Please produce copies of all your quarterly profit and loss statement for the past three (3) years.
>
> **Response:**

>Amerihome objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Amerihome objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Amerihome further objects on the grounds that Plaintiff's request is not limited in either time or scope, and seeks information that is neither relevant to any party's claim or defense nor proportionate to the needs of the case as set forth in Fed. R. Civ. P. 26. Amerihome objects to this request on the grounds that it seeks confidential and/or proprietary and/or trade secret information.
>
>**Request No. 9:** Please produce copies of all your balance sheets and financial statements for the past three (3) years.
>
>**Response:**
>
>Amerihome objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Amerihome objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Amerihome further objects on the grounds that Plaintiff's request is not limited in either time or scope, and seeks information that is neither relevant to any party's claim or defense nor proportionate to the needs of the case as set forth in Fed. R. Civ. P. 26. Amerihome objects to this request on the grounds that it seeks confidential and/or proprietary and/or trade secret information.

(DE #80, Ex. A and B).

4. After a year of inaction with respect to Amerihome's discovery responses, Plaintiff now seeks to compel production of Amerihome's complete net worth information. Yet, Plaintiff proffers no valid basis demonstrating the relevancy of this information other than to assert in the introductory and closing paragraphs of his memorandum that such information is related to his claim for punitive damages.

5. Instead, Plaintiff attempts to support his motion by improperly shifting the burden to Amerihome to justify why it should not be compelled to produce the entirety of its net worth information.

6. Plaintiff's tactic constitutes error as it is his burden to demonstrate the relevancy of his discovery requests which he has failed to do. And, Amerhome's refusal to provide its net worth information to the Plaintiff should be upheld because Plaintiff has not made a threshold showing that Amerihome's net worth is relevant to its claims, or that any willful misrepresentations or concealments have been made by Amerihome. In the absence of such a showing, Plaintiff's request for its net worth discovery should be denied as a matter of law.

### III. Argument

#### A. Net Worth Discovery Requests

The Federal Rules of Civil of Civil Procedure permit a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking information in discovery over an adversary's objection has the burden of showing its relevance." *Gavin v. Liberty Mut. Group Inc.*, 2012 U.S. Dist. LEXIS 109416 at *5 (D.N.H. Aug. 6, 2012); *Koninklijke Philips N.N. v. Wangs Alliance Corp.*, 2018 U.S. Dist. LEXIS 607 at *4-*5 (D. Mass. Jan. 2, 2018) ("The party seeking an order compelling discovery bears the initial burden of showing that the discovery requested is relevant, but once that showing is made the objecting party bears the burden of showing that a discovery request is improper."). Plaintiff fails to make the necessary showing that the requested net worth discovery is relevant and therefore within the scope of discovery.

The Supreme Court has cautioned district courts against allowing plaintiffs to introduce evidence of a corporate defendant's net worth to establish punitive damages, as "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). In the underlying matter, Plaintiff's claim for punitive damages under the FCRA may only proceed in the presence of willful misrepresentations or concealments by Amerihome. *See*

*Barrepski*, 2014 U.S. Dist. LEXIS at *35. However, Plaintiff has not proffered the existence of any such conduct that would otherwise render Amerihome's net worth information relevant in the underlying matter.

Tellingly, Plaintiff only conclusory alleges that he seeks such information so that it can "be considered at trial by the jury, who will be weighing Plaintiff's request for punitive damages." (DE #80, p. 3). Plaintiff offers nothing more in the way of demonstrating the relevancy of his net worth discovery requests. *See, e.g.*, *Friskney v. Am. Park & Play, Inc.*, 2005 U.S. Dist. LEXIS 50901 at *4-*5 (S.D. Fla. Jun. 21, 2005) ("a plaintiff is not entitled to engage in financial net worth discovery merely be stating a claim for punitive damages. Rather, discovery regarding a defendant's financial worth can proceed if a plaintiff has demonstrated that a claim for punitive damages is "viable or "not spurious.").

But such tactics have been expressly rejected by District Courts who have refused Plaintiff's efforts to bring a corporation's net worth before a jury needlessly when its sole purpose is to create bias against a defendant. *See, e.g.*, *Dubric v. A Cab, LLC*, 2017 U.S. Dist. LEXIS 23058 (D. Nev. Feb. 16, 2017) ("Evidence of a defendant's net worth is 'distracting and prejudicial' unless a prima facie case of malice oppression or reckless disregard is first established."); *Jackson v. YRC, Inc.*, 2016 U.S. Dist. LEXIS 83332 (W.D. La. Jun. 27, 2016) ("a party must make a factual showing that a viable claim for punitive damages exists before a Court can allowing discovery of a party's sensitive financial information.").

Plaintiff has not made the necessary showing of the relevancy of his discovery requests. But even so, Amerihome's objections to his discovery requests were proper. Amerihome initially objected to Plaintiff's net worth discovery requests on the grounds that such requests were overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not

5

proportional to the needs of the case. At that point in the litigation, Plaintiff never made a threshold showing that Amerihome made any willful misrepresentations or concealments with respect to his mortgage or credit reporting. Therefore, Amerihome objected to production of the net worth information on the aforementioned grounds. Plaintiff has still not made the requisite showing of relevancy – certainly no such showing is made in his motion to compel or elsewhere – and Amerihome's objections therefore stand and Plaintiff's motion should be denied.

## IV.  Conclusion

Amerihome respectfully requests the Court deny Plaintiff's Motion to Compel along with such other relief as the Court deems proper.

Attorneys for Defendant Amerihome
Mortgage Company, LLC
By: Its Attorneys

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, BBO #666252
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
aschneiderman@hinshawlaw.com

Dated:    August 3, 2020

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

1018078\306215235.v1