IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HAUGE, <br><br> Plaintiff, <br><br> -against- <br><br> TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and AMERIHOME MORTGAGE COMPANY, LLC, <br><br> Defendants. | Civil Case Number: <br> 4:19-cv-40032-TSH <br><br> ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

MARCUS & ZELMAN, LLC

Yitzchak Zelman, Esq
ATTORNEYS FOR PLAINTIFF
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:        (732) 695-3282
Fax:            (732) 298-6256
Email: yzelman@MarcusZelman.com

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT**........................................................................................1

**II. ARGUMENT**……………………………………………………………………………2

    **A. Plaintiff Need Not Establish A Prima Facie Case For Punitive Damages Before Defendant's Net Worth Becomes Discoverable**……………………………..2

    **B. Defendant's Net Worth Is Discoverable, Without Regard To Its Admissibility**…..5

    **C. Plaintiff Has A Viable Claim For Punitive Damages**…………………………….6

**III. CONCLUSION**.................................................................................................................7

## **TABLE OF AUTHORITIES**

Cases                                                                                                                                Page

*Akalwadi v. Risk Mgmt. Alternatives, Inc.*,
    336 F.Supp.2d 492 (D.Md.2004)……………………………………………………..…5

*Austin v. Pawtucket Credit Union*,
    No. CV 18-10699-FDS, 2019 WL 3935185 (D. Mass. May 17, 2019)………………4, 6, 7

*Bersaw v. Northland Grp. Inc.*,
    2015 WL 1097402 (D.N.H. Mar. 11, 2015)……………….………………………………5

*Bruchman v. John Christner Trucking, LLC*,
    2009 WL 10728147 (N.D. Okla. Apr. 27, 2009)…………………………………………..4

*Cataldi v. Siracusano*,
    2012 WL 870222 (D. Nev. Mar. 14, 2012)………………………………………………..4

*CEH, Inc. v. FV Seafarer*,
    153 F.R.D. 491 (D.R.I. 1994)………………………………………………………....3, 6

*Cousin v. Trans Union Corp.*,
    246 F.3d 359 (5th Cir. 2001)……………………………………………………………….1

*E.J. Lavino & Co. v. Universal Health Servs., Inc.,*
    1991 WL 275767 (E.D. Pa. Dec. 20, 1991)………………………………………………..4

*Johnson v. MBNA Am. Bank Nat'l. Ass'n.,*
    2006 WL 618077 (M.D.N.C. Mar. 9, 2006)……………………………………………….4

*Katz v. Liberty Power Corp., LLC,*
    No. 18-CV-10506-ADB, 2020 WL 3492469 (D. Mass. June 26, 2020)………………..1, 3

*Liberty Mut. Ins. Company v. Tedford,*
    2008 WL 2080930 (N.D. Miss., May 13, 2008)……………………………………….....5

*Morissette v. Cote Corp.*,
    2016 WL 6902116 (D. Me. Nov. 22, 2016)……………………………………………..3

*Northend Inv'rs, LLC v. S. Tr. Ins. Co.,*
    2017 WL 11494659 (W.D. Tenn. June 15, 2017)……………………………………….3

*Reed v. Wayans,*
    2008 WL 11417016 (W.D. Tex. Oct. 16, 2008)…………………………………………6

*Rippee v. WCA Waste Corp.*,

    2011 WL 13291651 (W.D. Mo. Jan. 6, 2011)……………………………………………...4

*Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*,

    2013 WL 6858956 (D.N.J. Dec. 23, 2013)……………………………………………....3

*Security Insurance Company of Hartford v. Meyer Trading Company, Inc.*,

    1987 WL 8207 (E.D.Pa. Mar. 20, 1987)……………………………………………...4

*Thomas v. U.S. Bank, N.A.*,

    2007 WL 764312 (D. Or. Mar. 8, 2007)……………………………………………5

*Wilson v. Gillis Advertising Co.*,

    145 F.R.D. 578 (N.D. Ala. 1993)……………………………………………………..7


Statutes and Other Sources

Federal Procedure § 26:58 (1988 ed.)……………………………………………………...7

I. **PRELIMINARY STATEMENT**

This Reply is submitted in response to Amerihome Mortgage Company's Opposition to the Plaintiff's Motion to Compel Discovery. In his Motion, Plaintiff moves to compel information from Amerihome that would reflect Amerihome's net worth. Plaintiff seeks this information so that he can introduce evidence of Amerihome's net worth at trial, when asking the jury to award punitive damages for Amerihome's willful violations of the Fair Credit Reporting Act (the FCRA).

Defendant's Opposition is premised on two mistakes of law. First, Defendant argues that punitive damages are *only* available under the FCRA "where a defendant's conduct involves willful misrepresentations or concealments." This is flatly wrong, and relies on a distortion of a Fifth Circuit decision which merely held that "*Generally*, courts have allowed a willful noncompliance claim to proceed where a defendant's conduct involves willful misrepresentations or concealments." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001).

Using this artificially inflated standard, Defendant then contends that the Plaintiff needs to make a *prima facie* showing that the Defendant engaged in a 'willful misrepresentation or concealment', before the Plaintiff can even obtain discovery regarding Defendant's net worth. But in doing so, Defendant conflates the *discoverability* of such discovery with the *admissibility* of such discovery. Whether and when Plaintiff can ultimately introduce this evidence at trial is not a question currently before the Court. Instead, the only question is whether this information is *discoverable* before the Plaintiff has proven his case for punitive damages, a question which the vast majority of courts have answered in the affirmative. *See e.g., Katz v. Liberty Power Corp., LLC,* No. 18-CV-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020)("When plaintiffs seek punitive damages, however, a majority of federal courts permit pretrial discovery

of financial information about the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages").

For the reasons set forth below, it is respectfully submitted that the Plaintiff's Motion to Compel should be granted.

## II.     ARGUMENT.

### A. Plaintiff Need Not Establish A Prima Facie Case For Punitive Damages Before Defendant's Net Worth Becomes Discoverable.

In his Complaint, Plaintiff alleged that Amerihome falsely reported to the consumer reporting agencies that the Plaintiff was late on his January 2018 and February 2018 mortgage payments. *See,* Docket 1, ¶18. The Complaint alleges that the Plaintiff disputed this inaccurate reporting on numerous occasions, but that Amerihome nonetheless repeatedly 'verified' that the Plaintiff made his payments late. *See id.,* ¶19, 56. Under the FCRA, Amerihome was obligated to conduct a complete and thorough investigation of the Plaintiff's disputes. *See,* 15 USC § 1681s-2(b). However, the Complaint alleges, Amerihome failed to conduct such an investigation, even though "AmeriHome <u>knew</u> that Plaintiff had timely made these payments, given that it had withdrawn January 2018's payment on January 5, 2018 and February 2018's payment on February 7, 2018." *See id.,* ¶17, 59. Based on these facts, the Plaintiff seeks statutory damages, actual damages and punitive damages, as a result of Amerihome's willful violations of the FCRA.

Defendant argues that these allegations are not enough; instead, Defendant claims that Plaintiff is required to make a "threshold showing" of Amerihome's willfulness, before Defendant's net worth becomes discoverable. *See,* Docket 88, at 6. In support of this claim, Defendant cites to three out-of-state decisions that required the plaintiff to make a *prima facie* showing of entitlement to punitive damages, before permitting discovery into a defendant's

financial information.  *See,* Docket 88, at 5.  What Defendant consciously fails to mention, however, is that these courts are decidedly in the minority, with the vast majority of courts – including the courts in this District and Circuit – holding that no such showing is needed.

District courts throughout the First Circuit have recognized and adopted the majority view that a defendant's net worth is discoverable when punitive damages are sought in the Complaint, without requiring the Plaintiff to first make some sort of showing as to the viability of those claims. *See e.g., Katz v. Liberty Power Corp., LLC,* No. 18-CV-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020)("When plaintiffs seek punitive damages, however, a majority of federal courts permit pretrial discovery of financial information about the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages"); *CEH, Inc. v. FV Seafarer,* 153 F.R.D. 491, 498 (D.R.I. 1994) ("this Court affirms the holding of the Magistrate Judge that plaintiffs need not establish a *prima facie* case on the issue of punitive damages before they can obtain pretrial discovery of defendants' financial information"); *Morissette v. Cote Corp.*, 2016 WL 6902116, at *2 (D. Me. Nov. 22, 2016)("The practice in this court, consistent with that of a majority of federal courts addressing the issue, generally is to permit pretrial discovery of financial information without requiring a plaintiff to establish a prima facie case on the issue of punitive damages")(citing cases).  The overwhelming majority of district courts around the country have followed suit.[1]

---

[1] *See e.g., Northend Inv'rs, LLC v. S. Tr. Ins. Co.,* 2017 WL 11494659, at *2 (W.D. Tenn. June 15, 2017)("Information on a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages.  Additionally, the majority of courts have held that a plaintiff seeking punitive damages is entitled to such discovery in advance of trial without a prima facie showing that plaintiff is entitled to recover punitive damages"); *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, 2013 WL 6858956, at *4 (D.N.J. Dec. 23, 2013)("contrary to defendants' position, when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery without requiring a prima facie

3

It is easy to see how inefficient and disruptive it would be, to require a plaintiff to first prove up his case, before allowing that plaintiff to conduct discovery into a defendant's financials. Such a showing likely would not happen until trial – after all, the courts have generally denied summary judgment on the issue of a FCRA defendant's willful failure to conduct a reasonable investigation, instead finding that the reasonableness of the furnisher's investigation should be weighed by the jury as the ultimate finder of fact. *See e.g., Austin v. Pawtucket Credit Union*, No. CV 18-10699-FDS, 2019 WL 3935185, at *4 (D. Mass. May 17, 2019)(denying summary judgment to FCRA furnisher who failed to conduct an adequate investigation, finding that "a reasonable jury could conclude that Pawtucket's conduct was objectively unreasonable and willful"); *Johnson v. MBNA Am. Bank Nat'l. Ass'n.,* 2006 WL 618077, at *5 (M.D.N.C. Mar. 9, 2006)("It is for a jury to decide what investigation MBNA performed and if its actions were in willful disregard of Plaintiff's rights under the FCRA when it confirmed the account was Plaintiff's obligation and continued to attempt to collect and report it to various credit reporting agencies.

---

showing of punitive damages to justify the discovery"); *Cataldi v. Siracusano*, 2012 WL 870222, at *1 (D. Nev. Mar. 14, 2012)("Most courts do not require the plaintiff to make a prima facie showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth"); *Bruchman v. John Christner Trucking, LLC*, 2009 WL 10728147, at *2 (N.D. Okla. Apr. 27, 2009)("When Plaintiff asserts a punitive damages claim, most federal courts permit pretrial discovery of financial information about the Defendant without requiring Plaintiff to establish a *prima facie* case on the issue of punitive damages"); *Rippee v. WCA Waste Corp.*, 2011 WL 13291651, at *1 (W.D. Mo. Jan. 6, 2011)("the courts have held that net worth information is discoverable in advance of trial without the plaintiff having to first make a prima facia showing that he is entitled to punitive damages"); *E.J. Lavino & Co. v. Universal Health Servs., Inc.,* 1991 WL 275767, at *1 (E.D. Pa. Dec. 20, 1991)("Defendants contend that financial information relating to net worth is not discoverable until Lavino demonstrates the likelihood of recovering punitive damages. Most courts which have considered this issue have held that a plaintiff seeking punitive damages may discover information pertaining to a defendant's net worth"); *Security Insurance Company of Hartford v. Meyer Trading Company, Inc.*, 1987 WL 8207, *1 (E.D.Pa. Mar. 20, 1987) ("[T]he weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed.... No prima facie showing in punitive damages is required to justify discovery").

Reasonable jurors could disagree on these facts, and it is not for the court to weigh the credibility of witnesses or to characterize MBNA's actions as reasonable, negligent, or willful"); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492, 510 (D.Md.2004) ("It is generally a question of fact for the jury as to whether a reasonable investigation was conducted"); *Thomas v. U.S. Bank, N.A.*, 2007 WL 764312, at *8 (D. Or. Mar. 8, 2007)(denying summary judgment because "there is evidence suggesting the bank verified, through silence, facts it failed to investigate. Depending on the circumstances, such could be a 'conscious disregard for the law' or an act in 'reckless disregard' of the Thomases' rights as consumers"); *Bersaw v. Northland Grp. Inc.*, 2015 WL 1097402, at *4 (D.N.H. Mar. 11, 2015)(denying summary judgment because the creditor's conduct was "at a minimum, negligence, although it may well rise to the level of willfulness, too" and concluding that therefore "this case adheres to the rule that questions involving a party's state of mind are generally appropriately resolved by a jury rather than on summary judgment").

Defendant's position thus makes no sense: it would require the Plaintiff to first obtain a finding of willfulness from the jury *before the Defendant will even turn over its financials.* Plaintiff's counsel would then presumably have to scurry into a corner of the courtroom after the jury returns its verdict, quickly scan over these documents while the jury waits patiently, and then be prepared to present that information to the jury on the fly. And, if there is any issue with the produced net worth information being incomplete for any reason, there will be zero opportunity to address that issue at trial. This is the complete antithesis of what the discovery process is supposed to achieve. *See e.g., Liberty Mut. Ins. Company v. Tedford,* 2008 WL 2080930, *7, n. 2 (N.D. Miss., May 13, 2008)(It is only fair that [plaintiff's] counsel have some idea of the nature and extent of the net worth of Liberty Mutual going into the trial; moreover, if the documentation presented is deficient, [plaintiff's] counsel should have the means to correct that before trial").

5

### B. Defendant's Net Worth Is Discoverable, Without Regard To Its Admissibility.

Defendant complains that if it is forced to turn over its net worth information, it runs the risk that the jury "will use their verdicts to express biases against big businesses". *See,* Docket 88, at 4. But the parties are not currently litigating when, and if, the jury will hear this information – that topic can be separately addressed in a motion *in limine* or at the Final Pre-Trial Conference. The sole question now raised is simply whether the Plaintiff's counsel can obtain this information in discovery, so that he does not see this information for the first time in the middle of a jury trial. *See e.g., Reed v. Wayans,* 2008 WL 11417016, at *1 (W.D. Tex. Oct. 16, 2008)("Where punitive damages are claimed, a defendant's net worth is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery…..As a result, information regarding net worth may be relevant and thus discoverable, albeit not yet deemed admissible"); *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 498–99 (D.R.I. 1994)(finding information regarding a defendant's net worth to be discoverable, because "the requirement that claimants establish a *prima facie* case applies to the *admissibility* of evidence about financial status, not its *discoverability.* The discoverability of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial").

### C. Plaintiff Has A Viable Claim For Punitive Damages.

Even if Plaintiff had to establish a claim for punitive damages just to obtain discovery (and case law is clear that he does not), Plaintiff can easily do so here. As Chief Judge Saylor recently concluded, "the willfulness requirement in Section 1681n(a) encompasses 'reckless disregard.'" *Austin v. Pawtucket Credit Union*, 2019 WL 3935185, at *3. "Recklessness in turn includes conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.*

6

In this case, the Plaintiff alleged that the Defendant (1) took the Plaintiff's timely payments, (2) knew that the Plaintiff made those payments on time, (3) falsely reported that the Plaintiff was late on those payments, and (4) repeatedly refused to investigate and fix its reporting error, despite Plaintiff's multiple disputes and despite its knowledge of its error. As Judge Saylor found, a jury can plainly reach a finding of willfulness on such facts. *See, Austin v. Pawtucket Credit Union*, 2019 WL 3935185, at *4 (finding that a jury could reasonably conclude that the furnisher willfully failed to conduct a reasonable investigation, where the plaintiff had made multiple disputes and where the furnisher should have known that it was reporting inaccurate information).

### III.  CONCLUSION.

The entire gist of Defendant's argument is that a defendant's financial information is somehow different than all other discovery in a case, and that it is afforded a special status – a status which protects it from disclosure until the Plaintiff first makes a predicate showing. Defendant has not established any basis for according financial information such a heightened status, and no such basis exists. Instead, it is clear that the Plaintiff has sought punitive damages in his Complaint, that the FCRA allows for the award of punitive damages, and that the Defendant's net worth is therefore relevant and discoverable. *See e.g., Wilson v. Gillis Advertising Co.*, 145 F.R.D. 578, 580 (N.D. Ala. 1993), quoting Federal Procedure § 26:58 (1988 ed.)("Generally speaking, the financial position of a defendant is relevant and discoverable in federal causes of action 'where the complaint alleges facts demonstrating the possibility that punitive damages will be at issue' ").

For these reasons, it is respectfully submitted that the Plaintiff's Motion to Compel should be granted in its entirety, and that the Defendant should be required to provide responsive answers and documents to Plaintiff's Interrogatory 7 and to Document Demands 8 and 9.

Dated: August 11, 2020 /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
*Attorneys For Plaintiff, Peter Hauge*

## CERTIFICATE OF SERVICE

I certify that on August 11, 2020, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Yitzchak Zelman*
*Attorney for Plaintiff, Peter Hauge*